UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| MAGNUM PRODUCING LP, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. C-10-348 |
| | § | |
| ST. PAUL SURPLUS LINES | § | |
| INSURANCE CO., | § | |
| | § | |
| Defendant. | § | |

## ORDER OF REMAND

On this day came on to be considered sua sponte the Court's subject matter jurisdiction in the above-styled action. For the reasons stated herein, the Court finds that it lacks subject matter jurisdiction and REMANDS this action pursuant to 28 U.S.C. § 1447(c) to the 319th Judicial District Court of Nueces County, Texas, where it was originally filed and assigned Case No. 2010-DCV-4313-G.

## I.      Factual and Procedural Background

On September 9, 2010, Plaintiff Magnum Producing LP filed its original petition in the 319th Judicial District Court of Nueces County. Defendant St. Paul Surplus Lines Insurance Co. was served on October 6, 2010, and timely removed this action to this Court on November 1, 2010.

In its Notice of Removal, Defendant stated that Plaintiff is "a Texas corporation with its principal office in Nueces County, Texas." (D.E. 1 at 2.) The Court, finding that the citizenship of Plaintiff (a limited partnership) to be improperly alleged, notified the parties of the deficiency at the initial pretrial conference held on December 16, 2010. The Court, consistent with 28 U.S.C. § 1653, allowed Defendant to file an amended

notice of removal no later than noon on Monday, December 20, 2010.  Defendant did not

do so.  Instead, Plaintiff filed an Amended Complaint on December 16, 2010, in which it

stated "Magnum is a Texas Limited Partnership comprised of Magnum O&G, Inc., a

Texas Corporation – General Partner, and Ahuja Holdings, LLP, a Texas Limited

Liability Partnership – Limited Partner."  (D.E. 11 at 1.)

For the reasons stated below, the Court now sua sponte remands this action.

## II.      Discussion

### A.      General Removal Principles

A party may remove an action from state court to federal court if the action is one

over which the federal court possesses subject matter jurisdiction.  See 28 U.S.C. §

1441(a).  A court, however, "must presume that a suit lies outside its limited jurisdiction,

and the burden of establishing federal jurisdiction rests on the party seeking the federal

forum."  Howery v. Allstate Ins. Co., 243 F.3d 912, 916 (5th Cir. 2001); see also

Manguno v. Prudential Prop. & Cas. Ins. Co., 276 F.3d 720, 723 (5th Cir. 2002).  In

evaluating the propriety of a removal, "[a]ny ambiguities are construed against removal

because the removal statute should be strictly construed in favor of remand."  Manguno,

276 F.3d at 723; Acuna v. Brown & Root, Inc., 200 F.3d 335, 339 (5th Cir. 2000)

("doubts regarding whether removal jurisdiction is proper should be resolved against

federal jurisdiction"); see also Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100

(1941); Leffall v. Dallas Indep. Sch. Dist., 28 F.3d 521, 524 (5th Cir. 1994).

Parties can never consent to subject matter jurisdiction, and lack of such

jurisdiction is a defense which cannot be waived. Fed. R. Civ. P. 12(h)(3);  Howery, 243

F.3d at 919; Coury v. Prot, 85 F.3d 244, 248 (5th Cir. 1996).  Federal courts are required

to raise the issue of subject matter jurisdiction <u>sua</u> <u>sponte</u> to determine whether jurisdiction may be properly conferred.  See <u>Union Planters Bank Nat'l Ass'n v. Salih,</u> 369 F.3d 457, 460 (5th Cir. 2004); <u>Howery</u>, 243 F.3d at 919; <u>H&D Tire and Automotive-Hardware, Inc. v. Pitney Bowes, Inc.</u>, 227 F.3d 326, 328 (5th Cir. 2000).  The removal statute provides that "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case <u>shall</u> be remanded."  28 U.S.C. § 1447(c) (emphasis added).  Section 1447(c) thus makes clear that a federal court must remand a case when it determines that the court lacks subject matter jurisdiction.

In general, an action is removable to a federal court only if it might have been brought there originally.  <u>See</u> 28 U.S.C. § 1441(a); <u>Caterpillar, Inc. v. Williams</u>, 482 U.S. 386, 391-92 (1987); <u>Avitts v. Amoco Prod. Co.</u>, 53 F.3d 690, 693 (5th Cir. 1995).  It is well-settled that the removing party bears the burden of showing that the removal is proper.  <u>See</u> <u>Frank v. Bear Stearns & Co.</u>, 128 F.3d 919, 921-22 (5th Cir. 1997).  This burden extends to demonstrating both the jurisdictional basis for removal and compliance with the requirements of the removal statute.  <u>See</u> <u>Carpenter v. Wichita Falls Indep. Sch. Dist.</u>, 44 F.3d 362, 365 (5th Cir. 1995).  The question of whether jurisdiction exists is resolved by looking at the complaint at the time the petition for removal is filed.  <u>See</u> <u>Pullman Co. v. Jenkins</u>, 305 U.S. 534, 537-38 (1939); <u>Miranti v. Lee</u>, 3 F.3d 925, 928 (5th Cir. 1993).

**B.   Removal Based on Diversity Jurisdiction**

Where the alleged basis for federal jurisdiction is diversity under 28 U.S.C. § 1332, a party may remove a case if there is: (1) complete diversity of citizenship; and (2) the amount in controversy greater than $75,000, exclusive of interests and costs.  28

U.S.C. § 1332(a).  Section 1332(a) requires "complete diversity" of citizenship, and the district court cannot exercise diversity jurisdiction if the plaintiff shares the same state citizenship as the defendant.  See Corfield v. Dallas Glen Hills LP, 355 F.3d 853, 857 (5th Cir. 2003).  In removal cases, diversity of citizenship must exist both at the time of filing in state court and at the time of removal to federal court.  See Coury v. Prot, 85 F.3d 244, 249 (5th Cir. 1996).

It is well established that diversity jurisdiction in a suit involving a limited partnership or limited liability partnership depends upon the citizens of all members of the partnership.  Carden v. Arkoma Assoc., 494 U.S. 185, 195 (1990); Mullins v. Testamerica, Inc., 300 Fed. Appx. 259, 259 (5th Cir. 2008) ("[T]he citizenship of a limited partnership . . . is that of all its partners, general and limited."); Saavedra v. Dealmaker Developments, LLC, 2008 WL 294594, at *1 (E.D. La. Jan. 30, 2008) ("In general, the citizenship of a limited liability partnership is determined by the citizenship of its partners.").  When partners or members of a limited partnership are themselves entities or associations, citizenship must be traced through however many layers of members or partners there are, until arriving at an entity that is not a limited partnership.  See, e.g., Mullins v. TestAmerica, Inc., 564 F.3d 386, 397-98 (5th Cir. 2009); Turner Bros. Crane and Rigging, LLC v. Kingboard Chemical Holding Ltd., 2007 WL 2848154 (M.D. La. Sept. 24, 2007).  In other words, the removing party "must list the citizenship of each member of each limited liability company to properly allege diversity of citizenship."  See Bona Fide Demolition and Recovery, LLC v. Crosby, 2009 WL 413504, at *1 (E.D. La. Feb. 18, 2009); Williams v. North Hill Square Apartments, 2010 WL 1416154, at *1 (S.D. Miss. Apr. 7, 2010) ("Where the limited partnership or LLC is

made up of other partnerships or LLCs, the district court must trace the citizenship of each such person or entity down the various organizational layers."). Where a notice of removal makes "[n]o mention . . . of [an unincorporated organization's] partners, let alone their respective states of citizenship," this is "insufficient to establish the existence of diversity jurisdiction." Mullins v. Testamerica Inc., 300 Fed. Appx. 259, 259-60 (5th Cir. 2008).

When jurisdiction is based on diversity, the Fifth Circuit "adhere[s] strictly to the rule that citizenship of the parties must be distinctly and affirmatively alleged. Failure adequately to allege the basis for diversity jurisdiction **mandates dismissal**." Mullins v. Testamerica Inc., 300 Fed. Appx. 259, 259-60 (5th Cir. 2008) (internal quotations and citation marks omitted; emphasis added).

The Court, consistent with 28 U.S.C. § 1653, allowed Defendant to amend its allegations of jurisdiction, and even informed the parties of the precise jurisdictional problem at issue. The task of properly pleading the citizenship of each of the parties ultimately rests upon the Defendant, not the Plaintiff. Nevertheless, Plaintiff's amended complaint does not resolve the problem, as it still does not properly allege the citizenship of Magnum Producing LP. Rather, it merely notes that "Magnum is a Texas Limited Partnership comprised of Magnum O&G, Inc., a Texas Corporation – General Partner, and Ahuja Holdings, LLP, a Texas Limited Liability Partnership – Limited Partner." (D.E. 11 at 1.) Defendant neither identifies the citizenship of Plaintiff's members, nor the citizenship of the various members of its limited partner. Defendant has thus failed to properly allege diversity jurisdiction, mandating dismissal. See Mullins, 300 Fed. Appx. at 259-60; Bona Fide Demolition and Recovery, LLC, 2009 WL 413504, at *1. Further,

5 / 6

absent allegations of the citizenship of each member of an unincorporated association, the district court may presume that a member of the association is located in each state, and may accordingly conclude that diversity jurisdiction does not exist.  Int'l Ass'n of Machinists v. Eastern Airlines, Inc., 320 F.2d 451, 455 (5th Cir. 1963).

In sum, Defendant has failed to properly allege diversity of citizenship in this case because its Notice of Removal lacks sufficient allegations as to Plaintiff's citizenship, or that of its constituent limited liability partnership.  As such, the Court must sua sponte remand this action for lack of subject matter jurisdiction.

## III.    Conclusion

For the reasons stated above, the Court determines that it does not have jurisdiction over the above-styled action and therefore sua sponte REMANDS this case pursuant to 28 U.S.C. § 1447(c) to the 319th Judicial District Court of Nueces County, Texas, where it was originally filed and assigned Case No. 2010-DCV-4313-G.

SIGNED and ORDERED this 21st day of December, 2010.

_____
Janis Graham Jack
United States District Judge